UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY MARSHALL,

          Plaintiff,

    v.

CARMAX INC., et al.,

          Defendants.

No.  2:26-cv-0007-TLN-CKD (PS)

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Jeffrey Marshall proceeds without counsel[1] and seeks to proceed in forma pauperis. Plaintiff's application makes the showing required by 28 U.S.C. § 1915, and the motion to proceed in forma pauperis is granted.

Upon screening the complaint, it is clear the court lacks subject matter jurisdiction over any claims under state law for fraud, defamation, slander, libel, and false representation. Because granting leave to amend on the facts and legal theories presented would be futile, the complaint should be dismissed without leave to amend.

I.    **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

---

[1] Thia action is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II.    Plaintiff's Allegations

Plaintiff shopped at Carmax Superstore in Fairfield, California, on February 21, 2024, and put substantial money down toward the purchase of a vehicle. (ECF No. 1 at 3.) Defendant Dispaquale was introduced to plaintiff to sign DMV transfer papers. (Id.) Plaintiff alleges defendant Dispaquale fraudulently printed plaintiff's name and initials on an auto finance loan application for a line of credit without plaintiff's permission or knowledge. (Id.) Plaintiff alleges the loan application was fraudulently processed "using telecommunications devices crossing state lines." (Id. at 4.)

## III.    Discussion

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32. Plaintiff alleges the basis for jurisdiction is a federal question under 28 U.S.C. § 1331. (ECF No. 1 at 4.)

For federal question jurisdiction, "[a] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). A federal question exists if: (1) federal law creates the cause of action, or (2) a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint. See Coeur d'Alene Tribe v. Hawks, 933 F.3d 1052, 1055 (9th Cir. 2019).

Here, plaintiff appears to base federal question jurisdiction on allegations of "wire fraud." (See ECF No. 1 at 5.) The complaint states the following as a basis for federal question jurisdiction: Fraud, defamation, Slander and [Libel], Interstate Wire Fraud, willful false misrepresentation [to commit] fraud using electronic communications[.]" (Id.)

2

A civil fraud claim seeking monetary damages is generally a state-law claim. See Hall v. N. Am. Van Lines, Inc, 476 F.3d 683, 687 (9th Cir. 2007) (finding the plaintiff's claim of fraud was not a federal claim as it "relies exclusively on state law"). Plaintiff's other claims for defamation, libel, slander, and false representation also arise under state law to the extent they are cognizable. See Knox v. McClatchy Co., No. 209CV03550 FCD KJN PS, 2010 WL 1730107, at *2 (E.D. Cal. Mar. 23, 2010), report and recommendation adopted, No. CIV-S-093550 FCD KJN PS, 2010 WL 1730134 (E.D. Cal. Apr. 27, 2010) (finding claims for libel, slander and defamation arise under state law as set forth in California Civil Code §§ 45 and 46(1)); McKinney v. L. Off. of James Duncan, No. CV 09-2605 NJV, 2010 WL 668027, at *6 (N.D. Cal. Feb. 19, 2010) (finding claims "for conspiracy to commit fraud, false representation, and falsification of documents… are all claims based on state law"). The complaint does not plead a claim arising under federal law.

Wire fraud is a federal crime prohibited by 18 U.S.C. § 1343.2. However, as a civil litigant, plaintiff generally has no private right of action for wire fraud. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding no basis for civil liability under criminal provisions in Title 18). In other words, while wire fraud is a federal crime, plaintiff has not stated a federal claim for monetary damages based on an alleged violation of the wire fraud statute.

In sum, the complaint does not plead a federal claim based on federal law and does not present any substantial federal question. Plaintiff has not identified a basis for subject matter jurisdiction. Complete diversity of the parties is also absent. Under these circumstances, the court lacks subject matter jurisdiction over plaintiff's complaint.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court may dismiss an action sua sponte for lack of jurisdiction). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988).

////

In accordance with the above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED without prejudice, and without leave to amend, for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 31, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mars26cv0007.scrn.fr

4